This creditors' bill is an attachment in equity of the money in the hands of Mead owing by him on a negotiable promissory note. An attachment is unavailable against a bona fide holder for value, of negotiable paper, who obtains it after attachment, before maturity, and without notice. Kieffer v. Ehler, 6 Harris [18 Pa. St.] 388, and cases cited. The only question, as I remarked before, to be tried here was whether Maynard was a bona fide holder of the note.

In Kennedy v. Brent, 6 Cranch [10 U. S.] 187, the service of a subpoena in chancery, in a case of chancery attachment, will make the garnishee liable, if he pays the money after the notice of the subpoena. Such is the case in every attachment. An attachment in a state court, commenced after the institution of an action to recover a debt in a court of the United States, cannot be pleaded as a defense to the latter, either in whole or in part. Wallace v. McConnell, 13 Pet. [38 U. S.] 136, 151. This decision is upon the reverse order to the state of the case here. The attachment here was the first. In the opinion in that case it is remarked: "The jurisdiction of the district court, * * * and the right of the plaintiff to prosecute his suit in that court, having attached, that right could not be arrested or taken away by any proceedings in another court. This would produce a collision in the jurisdiction of courts, that would extremely embarrass the administration of justice. If the attachment had been conducted to a conclusion and the money recovered of the defendant before the commencement of the present suit, there can be no doubt that it might have been set up as a payment upon the note in question;" and if such could be pleaded in bar, "the same principle would support a plea in abatement of an attachment pending prior to the commencement of the present suit. The attachment of the debt in such case in the hands of the defendant, would fix it there in favor of the attaching creditor, and the defendant could not afterward pay it over to the plaintiff. The attaching creditor would in such case acquire a lien upon the debt binding upon the defendant, which the courts of all other governments, if they recognize such proceedings at all, could not fail to regard. If this doctrine be well founded, the priority of suit will determine the right. The rule must be reciprocal; * * * the maxim, 'Qui prior est tempore, potior est jure,' must govern the case. This is the doctrine of this court in the case of Renner v. Marshall, 1 Wheat. [14 U. S.] 216; and also in the case of Beaston v. Farmers' Bank of Maryland, 12 Pet. [37 U. S.] 102." In Hacker v. Stevens [Case No. 5,887], the money owing on a note was attached in the hands of the debtor. The note was indorsed or assigned and the assignee brought suit against the maker, who pleaded in abatement the attachment, which plea was sustained, although the two suits were not in the name of the same parties.

In that case the note was transferred to one of the firm to whom the note was payable. In this case the note was transferred to a brother-in-law of one of the payees, under very suspicious circumstances. There is no doubt but Maynard knew of the pendency of this suit in this court before he commenced his suit in the state court. He should have come here and through Mead, as a defendant, have had his right to the money tried. From the situation of that case in the state court as placed by Maynard and Mead by their pleadings, the court might have continued the trial if asked by Mead until a reasonable time for the trial of this case. This court would in the exercise of its discretion have done so, under like circumstances, but there is nothing on the record showing that such application was made, or that a plea in abatement was filed.

The satisfaction piece attached to the record of the judgment in Rock county is no evidence of payment except as between the parties to the judgment. It satisfies the judgment, but it is not evidence affecting these complainants of the absolute, bona fide payment of money. It is nothing more than a mere declaration of a party not under oath, as to the rights of these complainants. Lloyd v. Lynch, 4 Casey [28 Pa. St.] 419, and cases cited. But from the view taken of this case it makes no difference whether the judgment has been satisfied or not. Mead should have taken some of the means here pointed out to prevent the judgment being rendered against him in the circuit court of Rock county.

The proof clearly showing that Maynard was not a bona fide holder of the note, and that the title still remains in Burr & Craig, reference will be made to a master to ascertain the amount due.

---

## Case No. 11,374.

### PRATT v. CAMPBELL.

[See 2 Pet. (27 U. S.) 354.]

---

## Case No. 11,375.

### PRATT v. CURTIS et al.

[2 Lowell, 87;[1] 6 N. B. R. 139.]

District Court, D. Massachusetts. Dec., 1871.

BANKRUPTCY—RIGHTS OF ASSIGNEE— SUIT TO SET ASIDE DEED FOR FRAUD—JURISDICTION OF FEDERAL COURTS — CONVEYANCE FOR BENEFIT OF WIFE AND CHILDREN OF BANKRUPT.

1. An assignee in bankruptcy succeeds to the rights of creditors, and may maintain a suit to set aside a deed for fraud, actual or constructive, though the fraud be not one mentioned in section 35 of the bankrupt act [of 1867 (14 Stat. 534)].

[Cited in Flanders v. Abbey, Case No. 4,851; Cady v. Whaling, Id. 2,285.]

---

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]